# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60655
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2026

Lyle W. Cayce
Clerk

Virginia Gisel Alberto-Cardoza,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 688 227

———————————————————

Before King, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Virginia Gisel Alberto-Cardoza, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision and consider the immigration judge's decision only to the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

extent it influenced the BIA. *Martinez-De Umana v. Garland*, 82 F.4th 303, 309 (5th Cir. 2023).

Alberto-Cardoza fails to show that the BIA erred in concluding that she did not raise a cognizable particular social group (PSG). First, she does not brief any argument here regarding her proposed PSG of "Honduran women" and has thus waived any such argument. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023). Additionally, we do not consider her argument regarding the proposed PSG of "persons perceived by a gang or other organized criminal group as contravening its rules or resisting its authority," as the Respondent is correct that she did not exhaust the argument in the BIA. *See* 8 U.S.C. § 1252(d)(1); *Medina Carreon*, 71 F.4th at 257. Lastly, the BIA correctly determined that her remaining proposed PSG, "women fleeing domestic violence seen as property of men in Honduras," failed to meet the requirements to be a cognizable PSG. *See Jaco v. Garland*, 24 F.4th 395, 403, 407 (5th Cir. 2021); *Lopez-Perez v. Garland*, 35 F.4th 953, 958 (5th Cir. 2022).

As to her claims of asylum and withholding of removal based on political opinion, substantial evidence supports the BIA's determination that the gang's extortion and threats were driven by criminal motives and were not on account of political opinion. *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Martinez-De Umana*, 82 F.4th at 312-13. Regarding the CAT, a reasonable factfinder could have concluded based on the evidence as a whole that Alberto-Cardoza failed to demonstrate that any torture she would suffer in Honduras would involve the requisite state action. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 225-26 (5th Cir. 2019).

The petition for review is DENIED.